**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **COREY L. ROBERSON,** | * |
| Plaintiff, | * |
| v. | *  Case No.: PWG-13-1600 |
| **GINNIE MAE REMIC TRUST 2010 H01,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Motion to Dismiss filed by Defendants Wells Fargo Home Mortgage ("Wells Fargo") and Ginnie Mae REMIC Trust 2010 H01 ("Ginnie Mae"), ECF No. 5, and supporting Memorandum, ECF No. 5-1; Plaintiff Corey L. Roberson's Response, ECF No. 8; and Defendants' Reply, ECF No. 9. A hearing is not necessary. *See* Loc. R. 105.6. Defendants' Motion to Dismiss SHALL BE GRANTED. However, for the reasons stated below, Plaintiff SHALL BE GRANTED twenty-one days leave to supplement his complaint. If Plaintiff fails to file a timely supplement, the case shall be DISMISSED WITH PREJUDICE. If Plaintiff files a timely supplement, Defendants SHALL BE GRANTED twenty-one days to renew their Motion to Dismiss or to file a Second Motion to Dismiss.

**I.  BACKGROUND**[1]

On January 13, 2010, Roberson took out a mortgage on his Maryland property from Wells Fargo. *See* Compl. ¶¶ 1–2, ECF No. 1. Through a "Real Estate Securitization Compliance

---

[1] For purposes of considering Defendants' Motion, this Court accepts as true the facts that Plaintiff alleged in the complaint. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011).

Audit," Roberson discovered that the Promissory Note he executed to Wells Fargo for repayment of his mortgage (the "Note") had been securitized to several banks. *Id.* ¶¶ 1–3. Roberson brings this suit for fraud, conspiracy to commit fraud, breach of the implied covenant of good faith and fair dealing, and quiet title. *Id.* On June 18, 2013, Defendants moved to dismiss the complaint under Rule 12(b)(6), ECF No. 5. Plaintiff filed a timely response, ECF No. 8, and Defendants replied, ECF No. 9.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Plaintiff proceeds *pro se*, and therefore his complaint receives liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff of the requirements of factual support in the Rules relevant to his filing. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. Feb. 10, 1992).

"Matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). However, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (emendations in *Am. Chiropractic*)). Documents referenced and relied upon by a plaintiff can be considered without converting a motion to dismiss into a motion for summary judgment. *See Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999).

### III. DISCUSSION

**A. Fraud (Count I)**

3

Plaintiff sues Defendants for fraud under California Civ. Code §§ 1709, 1710, 1572. Compl. ¶¶ 13–19. All of Plaintiff's allegations stem from Defendants' assignment of the mortgage. The basis for Plaintiff's fraud claim is that Defendants fraudulently withheld their intention to assign the Note. *See id.* ¶¶ 15–17.

Plaintiff cites to California and Ninth Circuit law. *See* Compl.; Pl.'s Resp. Defendants argue the application of Maryland law. *See* Defs.' Mem. 7 n.3, ECF No. 5-1. As a federal court sitting in diversity, this Court "must apply the substantive law of [Maryland, as] the forum state including its choice of law rules." *See Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). The property that is the subject of the underlying transaction is located in Maryland and all documents appear to have been executed in Maryland.[2] *See* Note 2, 5, Defs.' Mot. to Dismiss Ex. 4, ECF No. 5-6; Deed of Tr. 2–4, Defs.' Mot. to Dismiss Ex. 5, ECF No. 5-7. Additionally, the Deed contains a governing law clause applying the law of the State where the property is located. *See* Deed of Tr. 8. Therefore, Defendants are correct that Maryland law governs this dispute. *See Kronovet v. Lipchin*, 415 A.2d 1096, 1105 (Md. 1980); *Traylor v. Grafton*, 332 A.2d 651, 659 (Md. 1975).

Even when liberally construing the complaint, Plaintiff has failed to state a claim for fraud under Maryland law. Maryland law requires that Plaintiff

> must allege five elements with particularity: (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result.

---

[2] These documents are heavily relied upon by Plaintiff in his complaint and are therefore properly considered in resolving a motion to dismiss, even though not included by Plaintiff in his complaint. *See Am. Chiropractic Ass'n*, 367 F.3d at 234. In his opposition, Plaintiff does not challenge the authenticity of the exhibits.

*Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013) (quoting Maryland cases) (citations omitted). Additionally, Plaintiff's fraud allegations must meet the "heightened pleading standard under Rule 9(b)." *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013).

> Rule 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Such allegations [of fraud] typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" In cases involving concealment or omissions of material facts, however, meeting Rule 9(b)'s particularity requirement will likely take a different form. The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis for the plaintiff's claim; to protect the defendant against frivolous suits; to eliminate fraud actions where all of the facts are learned only after discovery; and to safeguard the defendant's reputation.

*Id*. (citations omitted); *see Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 780 (4th Cir. 2013). Rule 9(b) requires that Plaintiff *must* allege "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Biktasheva v. Red Square Sports*, 366 F. Supp. 2d 289, 295 (D. Md. 2005) (citing cases). However, Rule 9(b) permits "intent, knowledge, and other conditions of a person's mind [to] be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiff has not alleged anything regarding the time, place, or contents of the false representations, nor the identity of the persons who made the misrepresentations. *See Biktasheva*, 366 F. Supp. 2d at 295. Plaintiff vaguely outlines the elements, but without any factual basis. *See* Compl. ¶¶ 27–30. Moreover, Maryland law allows Mortgage assignments. *See, e.g.*, *Griffin v. Wilmer*, 111 A. 114, 116 (Md. 1920); *Doxen v. Wagner*, 121 A. 254, 256 (Md. 1923); *Smith v. First Nat. Bank*, 196 A. 310, 313 (Md. 1938). Additionally, the terms of the Note and the Deed authorize assignment of this mortgage. *See* Note 2; Deed of Tr. 1, 4.

Therefore, Plaintiff failed to plead facts adequate to establish any colorable claim for fraud. *See* Fed. R. Civ. P. 9(b).

### B. Conspiracy to Commit Fraud (Count II)

Maryland law does not recognize an independent tort of conspiracy to commit fraud. *Alleco v. Weinberg Found.*, 665 A.2d 1038, 1045 (Md. 1995). Therefore, if Plaintiff's fraud count is dismissed, the conspiracy count must be dismissed as well.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing (Count III)

Plaintiff alleges the breach of an implied covenant of good faith and fair dealing. Compl. ¶¶ 31–33. Yet, Plaintiff does not plead any supporting facts to establish the covenant or to show that Defendants breached the covenant.

The Court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Absent special circumstances, Maryland law does not impose upon banks a tort duty to borrowers. *See, e.g.*, *Spaulding v. Wells Fargo Bank, N.A.*, 920 F. Supp. 2d 614, 620–21 (D. Md. 2012) *aff'd*, 714 F.3d 769 (4th Cir. 2013) (citing Maryland cases). The covenant of good faith and fair dealing is not recognized as an independent cause of action in Maryland. *See Cook v. Nationwide Ins. Co.*, ---- F. Supp. 2d ----, 2013 WL 4505583, at *11 n.11 (D. Md. Aug. 23, 2013) (citing *Thompson v. Naval Acad. Athletic Ass'n*, No. RDB-12-2676, 2013 WL 3965100, at *7 (D. Md. Aug. 1, 2013)); *see also Heckrotte v. Riddle*, 168 A.2d 879, 882 (Md. 1961) ("The mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort."). "'Instead, the duty of good

faith and fair dealing is merely part of an action for breach of contract.'" *Cook*, 2013 WL 4505583, at *11 n.11 (quoting *Thompson*, 2013 WL 3965100, at *7). Even where Maryland law recognizes an implied covenant of good faith and fair dealing, it is limited to the duty not to prevent the other party from performing the contract. *See Parker v. Columbia Bank*, 604 A.2d 521, 531 (Md. Ct. Spec. App. 1992) (citing cases).

All of Plaintiff's allegations are based on the underlying action of Defendants assigning the Note, *see* Compl., which is a right granted by the Notes, *see* Note 2; Deed of Tr. 1, 4. Allegations of conduct expressly permitted by the contract, coupled with the lack of any allegation that Defendants precluded Plaintiff from fulfilling the contract, cannot constitute facts to support this claim.

**D. Quiet Title (Count IV)**

Plaintiff seeks to quiet title to the property that is the subject of the mortgage. Compl. ¶¶ 35–39. To prevail on a claim to quiet title, Plaintiff must show by clear proof that Defendants lack a right to enforce the Deed of Trust. *See, e.g.*, *Porter v. Schaffer*, 728 A.2d 755, 766–67 (Md. Ct. Spec. App. 1999); *Kadson v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982), *aff'd sub nom Kasdon v. United States*, 707 F.2d 820 (4th Cir. 1983). Plaintiff's only argument regarding the invalidity of Defendants' title is based on the securitization of the mortgage loan. *See* Compl. ¶¶ 35–39. As explained above, the assignment of the mortgage does not make it invalid. However, I do not need to reach that issue because Maryland law requires, in an action to quiet title, that no action be pending to enforce or test the title or claims thereto. *See* Md. Code Ann., Real Prop. § 14-108(a) (West 1974).[3] Plaintiff has failed to state a claim to

---

[3] The Court takes judicial notice of the docket of the state foreclosure proceedings in the Circuit Court for Prince George's County, Case No. CAE12-29086. *See Schultz v. Braga*, 290 F. Supp.

7

quiet title because there is an active proceeding regarding the title. *See* Docket, *Shapiro v. Roberson*, No. CAE12-29086 (Cir. Ct., Prince George's Cnty.), Defs.' Mot. to Dismiss Ex. 1, ECF No. 5–3.

IV. **CONCLUSION**

Plaintiff's allegations against Defendants do not allege any actionable conduct or facts that support any colorable claims. As written, the complaint is subject to dismissal with prejudice.[4] Although it is difficult to conceive of legally sufficient facts to support these claims, I will afford Plaintiff liberal construction because I am mindful that Roberson is a *pro se* litigant. *See Haines*, 404 U.S. at 520. Accordingly, I will grant Defendants' Motion to Dismiss. However, Plaintiff shall be granted twenty-one days to supplement his complaint to specify exactly how Defendants' conduct is actionable and to address the deficiencies addressed in this Memorandum Opinion. Failure to do so timely will result in the dismissal of this case with prejudice and without further notice by the Court. If Plaintiff files a timely supplement, Defendants shall be granted twenty-one days to renew their Motion to Dismiss or to file a

---

2d 637, 651 n.8 (D. Md. 2003) (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993)); *see also Am. Chiropractic Ass'n*, 367 F.3d at 234.

[4] As stated by this Court in *Weigel v. Maryland*, ---- F. Supp. 2d ----, 2013 WL 3157517, at *6 (D. Md. June 19, 2013),

> "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009) (citing *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985)). "[P]leading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome . . . the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (internal quotation marks omitted). When a plaintiff fails to state a claim, he "should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice." But, dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim. *See, e.g.*, *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

Second Motion to Dismiss.  Plaintiff is reminded to place this case's number, PWG-13-1600, on his supplemental pleadings.

A separate order shall issue.

Dated: <u>September 25, 2013</u>                                            <u>        /S/                     </u>
Paul W. Grimm
United States District Judge


jwr